**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD VILLANUEVA MITCHELL,

    Defendant - Appellant.

No. 25-4036
(D.C. No. 2:22-CR-00173-JNP-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Richard Villanueva Mitchell appeals his conviction for making a false bankruptcy declaration in violation of 18 U.S.C. § 152(3). He claims the trial court erred in omitting a "materiality" element in the jury instruction, but he invited any error. Accordingly, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mitchell also was convicted of bankruptcy fraud and bribery in a bankruptcy case, but his opening brief does not challenge those convictions, so we do not consider them. *See United States v. Ibarra-Diaz*, 805 F.3d 908, 933 (10th Cir. 2015).

I

Between 2012 and 2015, Mitchell financed his appliance business by borrowing some $500,000 from a hard money lender, Brad Taylor. Mitchell used the money to buy hundreds of dishwashers, refrigerators, washers, dryers, and ranges that had a combined value of more than $321,000. He possessed the appliances in 2017 when he filed for bankruptcy, but he reported to the bankruptcy court that he had assets valued at less than $50,000. He also failed to disclose the appliances on his Schedules of Assets and Liabilities and his Statement of Financial Affairs. At the meeting of creditors, Mitchell testified under oath that these documents correctly identified all his assets, and he expressly denied having any other assets.

Mitchell tried to persuade Taylor to keep quiet about the appliances, emailing him that "he was going to file [for] bankruptcy[,] get rid of the other creditors that were causing him problems[,] and then . . . sell the appliances . . . and get [Taylor his] money." R., vol. III at 523. He assured Taylor that "[i]f we can trust one another to the end, you will receive your monies." *Id.* at 526 (internal quotation marks omitted). But Taylor demanded the appliances, and when Mitchell refused to hand them over, Taylor wrote: "I will be going to the bankruptcy court tomorrow to declare these as assets you have." *Id.* at 514. The next day, Taylor met with the bankruptcy trustee, who described Mitchell's email as "shocking." *Id.* at 398. The trustee acquired the appliances, sold them, and added the proceeds to the estate.

Mitchell was indicted for bankruptcy fraud, concealment, false bankruptcy declaration, false bankruptcy oath, and bribery in bankruptcy. The government

2

dismissed the concealment and false oath counts, and Mitchell went to trial on the three remaining counts.

Before trial, the parties submitted proposed jury instructions on the false declaration count, 18 U.S.C. § 152(3). That statute makes it unlawful to "knowingly and fraudulently make[] a false declaration, certificate, verification, or statement under penalty of perjury . . . in or in relation to any case under title 11." The government's proposed instruction included a materiality element, requiring that the jury find "the false statement or declaration was about a material matter." R., vol. I at 142. Mitchell's proposed instruction said nothing about materiality. *Id.* at 143. Therefore, the government objected to Mitchell's proposed instruction, arguing its proposed instruction was "a more complete representation of the elements the United States must prove." *Id.* at 242. Mitchell, in turn, objected that "[t]he government's instruction adds an element of materiality," even though "[i]t is unclear how *United States v. Gaudin*, 515 U.S. 506 (1995), mandates adding the materiality element, since in that case the parties simply agreed that materiality was [an] element of the violation . . . ." *Id.* at 253.

At the final pretrial conference, the district court advised the parties that it had considered their objections and had drafted its own instructions "trying to eliminate legalese." R., vol. III at 61. As Mitchell requested, the district court's proposed instruction did not include a materiality element. *Id.*, vol. I at 351. And consistent with his prior objection, he did not object to the absence of a materiality element, even though he objected to other language in the district court's proposed instruction.

3

*Id.* at 412. The final proposed instruction did not include a materiality element, *id.* at 531, and Mitchell did not object, despite having one last opportunity to do so shortly before the court read the instructions to the jury, *id.*, vol. III at 724. At the close of evidence, the district court instructed the jury on the false declaration count without including an element of materiality. *Id.* at 746-47; *id.*, vol. I at 531. Mitchell was subsequently convicted and sentenced to two years of probation.

Now on appeal, Mitchell contends the district court committed plain error in failing to instruct the jury that materiality is an element of making a false bankruptcy declaration.

## II

"Our invited-error doctrine holds parties to account when they induce error at trial. The doctrine prevents a party who induces an erroneous ruling from being able to have it set aside on appeal." *United States v. Teerlink*, 141 F.4th 1126, 1131 (10th Cir. 2025) (internal quotation marks omitted). Invited error embodies a waiver theory that "a party that has waived a right is not entitled to appellate relief." *United States v. Cornelius*, 696 F.3d 1307, 1319 (10th Cir. 2012) (italics and internal quotation marks omitted). "In jury instruction challenges specifically, our caselaw forecloses this Court from engaging in appellate review when a defendant has waived his right to challenge a jury instruction by affirmatively approving it at trial." *United States v. McBride*, 94 F.4th 1036, 1041 (10th Cir. 2024) (brackets and internal quotation marks omitted).

Mitchell faults the district court's false declaration instruction, insisting the "instruction lacks an essential element of the crime—materiality." Aplt. Opening Br. at 21. But in the district court, he took the exact opposite position, urging the district court to omit a materiality element in the false declaration instruction. He not only omitted a materiality element in his proposed instruction; he specifically objected to the government's inclusion of a materiality element. Mitchell's inducement of the district court to commit the very purported error he now complains about precludes us from setting it aside on appeal. *See Teerlink*, 141 F.4th at 1131.

In his reply brief, Mitchell asserts the government was complicit in failing to object to the false declaration instruction. He says the government's proposed instruction "*did not* contain a materiality element." Reply Br. at 8. He also says the district court did not adopt all of his proposed language, so he "did not get the result he sought and therefore did not invite the error." *Id.* at 9. The problem with this argument is that it is belied by the record.

Contrary to Mitchell's assertion, the government's proposed instruction *did* include a materiality element. *See* R., vol. I at 142 ("Fourth, the false statement or declaration was about a material matter."). Mitchell objected to this language and sought to delete the materiality element. Thus, he cannot now complain that the district court adopted his position. *See McBride*, 94 F.4th at 1041 ("[T]he invited-error doctrine precludes a party from arguing that the district court erred in adopting a proposition that the party had urged the district court to adopt." (internal quotation marks omitted)). To the extent he asserts the invited error doctrine should not apply

because the district court declined to adopt his proposed alternative language addressing a different element of his offense, that assertion ignores his successful efforts to induce the district court to omit the materiality element.  Because Mitchell invited any error in the district court's omission of a materiality element in the instruction, he cannot complain about the absence of that element now on appeal.

III

The district court's judgment is affirmed.

Entered for the Court


Gregory A. Phillips
Circuit Judge